# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist RICKY R. RODRIGUEZ**
**United States Army, Appellee**

ARMY MISC 20170528

Headquarters, Fires Center of Excellence and Fort Sill
J. Harper Cook, Military Judge
Lieutenant Colonel Philip M. Staten, Acting Staff Judge Advocate

For Appellant: Colonel Tania M. Martin, JA; Captain Samuel E. Landes, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief); Colonel Tania M. Martin, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief in response to specified issues).

For Appellee: Colonel Mary J. Bradley, JA; Major Brendan R. Cronin, JA; Captain Patrick G. Hoffman, JA (on brief and brief in response to specified issues).

13 March 2018

---------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------

SALUSSOLIA, Judge:

In this case, we consider an appeal by the United States, under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012).

Appellee stands charged with sexual assault and abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012 & Supp. 2017). In broad terms, the government alleges that on or about 7 June 2016, appellee committed sexual acts by touching the breast, over the clothing, of Ms. BB and digitally penetrating her vulva with his finger. Ms. BB states she was awake the entire time he committed these acts and did not consent. At trial, the government seeks to introduce evidence of uncharged misconduct pursuant to Military Rules of Evidence (Mil. R. Evid.) 412(b) and 404(b). The evidence of uncharged misconduct includes

a digital photograph obtained from appellee's cell phone.[*] The photograph depicted appellee allegedly touching Ms. BB's exposed breast while she slept on or about 5 June 2016.

At trial, appellee moved the court to suppress the photograph alleging the search of appellant's phone was unlawful. The military judge granted appellee's motion to suppress. The government filed a timely appeal with this court pursuant to Article 62(a)(1)(B), UCMJ, contending the military judge abused his discretion in excluding the photograph.

Pursuant to Article 62(a)(1)(B), UCMJ, the court will determine it has jurisdiction where two threshold jurisdictional requirements are met. We must be satisfied that: 1) the military judge's ruling was a ruling excluding evidence; *and* 2) the evidence excluded is substantial proof of a fact material in the proceeding. *United States v. Jacobsen*, 77 M.J. 81, 85 (C.A.A.F. 2017).

Having considered the record and briefs submitted by the parties, we hold we lack jurisdiction to consider the government's appeal. Although, the first threshold jurisdictional requirement has been met because the military judge's decision to grant appellee's motion to suppress constitutes a ruling excluding evidence under Article 62(a)(1)(B), UCMJ, the second requirement has not been met.

The government argues that the second threshold requirement has been met. First, the government asserts the excluded photograph is vital to the government's case because it explains other evidence of uncharged misconduct. The evidence of other uncharged misconduct consists of conclusions contained in a DNA report. Second, the government asserts the requirement has been met because the photograph is substantial proof establishing Ms. BB did not consent to the charged misconduct. We disagree.

The conclusions in the DNA report evidencing uncharged misconduct are not a material fact to the charged misconduct. Thus, even assuming the photograph corroborates the report, it is not substantial proof of a material fact. As to the government's second basis, while Ms. BB's consent is at issue in this case and arguably a material fact as it pertains to the charged misconduct, the photograph is not substantial proof of this material fact because the photograph evidences alleged misconduct occurring two days prior and under very different circumstances.

---

[*] The government also seeks to introduce portions of a DNA report evidencing semen from appellee on Ms. BB's undergarment and testimony of Ms. BB, both of which the government believes evidences uncharged misconduct occurring on or about 5 June 2016.

RODRIGUEZ—ARMY MISC 20170528

Because the second threshold jurisdictional requirement has not been satisfied, we lack jurisdiction to consider this appeal. Accordingly, the appeal by the United States under Article 62, UCMJ is DENIED. The stay in the proceedings, effective 2 October 2017, of appellee's court-martial at Fort Sill, Oklahoma is lifted and the court-martial is permitted to proceed. *See* Rule for Courts-Martial 908(c)(3).

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court